# EXHIBIT A

| **Respond to Selected Documents** | **Sort by date:** Descending Ascending | **Display options:** All Entries ⌄ |

**06/11/2026**

    **Jury Trial Scheduled**

    **Scheduled For:** 11/02/2026; 9:00 AM; CHRISTOPHER EDWARD MCGRAUGH; City of St. Louis

**05/19/2026**

    **Summons Personally Served**

Document ID - 26-SMCC-3798; Served To - MICHAEL DIMARCO; Served Date - 05/14/2026; Served Time - 11:45:14; Service Type - OT; Reason Description - SERV; Service Text -

**05/18/2026**

    <u>**Notice of Service**</u>

Return of Service of Summons upon Defendant.

    **Filed By:** JONATHAN SAMUEL JONES

    **On Behalf Of:** SOULARD PLACE LLC DBA EMBER MENTAL WELLNESS

**05/12/2026**

    <u>**Summons Issued-Circuit**</u>

Document ID: 26-SMCC-3798, for DIMARCO, MICHAEL

**05/05/2026**

    **Filing Info Sheet eFiling**

    **Filed By:** JONATHAN SAMUEL JONES

    **Note to Clerk eFiling**

    **Filed By:** JONATHAN SAMUEL JONES

    <u>**Motion Special Process Server**</u>

Request for Appointment of Special Process Server.

    **Filed By:** JONATHAN SAMUEL JONES

    **On Behalf Of:** SOULARD PLACE LLC DBA EMBER MENTAL WELLNESS

    <u>**Pet Filed in Circuit Ct**</u>

Petition.

    **Filed By:** JONATHAN SAMUEL JONES

    **On Behalf Of:** SOULARD PLACE LLC DBA EMBER MENTAL WELLNESS

**2622-CC01153**

Electronically Filed - City of St. Louis - May 05, 2026 - 01:14 PM

**MISSOURI CIRCUIT COURT**
**TWENTY-SECOND JUDICIAL CIRCUIT**
(City of St. Louis)

|  |  |  |
|---|---|---|
| SOULARD PLACE LLC, <br> d/b/a Ember Mental Wellness | ) ) ) ) | |
| Plaintiff, | ) ) | Cause No. _____ |
| vs. | ) ) ) | Division _____ |
| Michael DiMarco, <br> Serve: <br> 2436 Oak Springs Lane <br> Saint Louis, MO 63131 | ) ) ) ) ) ) | **PETITION FOR FRAUDULENT MISREPRESENTATION AND NEGLIGENT MISREPRESENTATION** |
| | ) ) ) ) | **TRIAL BY JURY DEMANDED** |
| Defendant. | ) | |

**PETITION**

COMES NOW Plaintiff Soulard Place LLC d/b/a Ember Mental Wellness (Soulard Place or Plaintiff), by and through its undersigned attorneys, and for its Petition against Defendant Michael DiMarco, states as follows:

**Parties**

1.      Plaintiff Soulard Place LLC is a Missouri limited liability company with its principal and single place of business on Hampton Avenue in the City of St. Louis, State of Missouri.

2.      From April 2023 to June 2025, Plaintiff did business as Ellie Mental Health, offering mental health therapy and counseling services to individuals, operating pursuant to a franchise agreement as a franchise location of Ellie Fam LLC.

Electronically Filed - City of St. Louis - May 05, 2026 - 01:14 PM

3.      On or about June 30, 2025, Soulard Place LLC rescinded and/or terminated the franchise agreement and began doing business as Ember Mental Wellness and has operated the mental health clinic at Hampton Avenue under that name since.

4.      Plaintiff provides office space and other assistance to support the practices of local mental health therapists. Plaintiff currently has approximately 13 therapists rendering mental health services at its Hampton Avenue offices.

5.      Defendant Michael DiMarco resides in St. Louis County, State of Missouri.

6.      DiMarco is the current CEO of Ellie Fam LLC, a Minnesota limited liability company which is a franchisor doing business under the trade name Ellie Mental Health (Ellie). From January 2024 to January 2025, DiMarco was contracted by Ellie as a Board Advisor, before becoming Ellie's CEO.

7.      Jurisdiction is proper in this Court pursuant to Mo. Const. art. V, § 14(a), and R.S. Mo. § 478.070.

8.      Venue is proper in the City of St. Louis pursuant to R.S. Mo. § 508.010.4 because this Petition alleges a tort and Plaintiff was injured in the City of St. Louis, State of Missouri.

**Allegations Common to All Counts**

9.      On or about July 22, 2022, Plaintiff Soulard Place entered into a franchise agreement with Ellie.

10.      In April 2023, Plaintiff opened an Ellie franchise location in the City of St. Louis, Missouri, offering mental health therapy and counseling services to individuals.

11.      In order to induce Plaintiff to enter the franchise agreement, among other things, Ellie promised to provide certain "shared services" to Plaintiff and other franchisees in exchange for a franchise fee.

2

Electronically Filed - City of St. Louis - May 05, 2026 - 01:14 PM

12.     The promised shared services included, among other things:

    a.  Insurance and billing services, including claim submission, claim follow-up, payment posting, patient billing, insurance verification, coding review, denial management, compliance services, and insurance credentialing;

    b.  An in-house, U.S.-based call center to onboard new patients, obtain insurance information, match them with a provider, and schedule initial appointments;

    c.  An in-house, U.S.-based call center to resolve billing and insurance issues; and

    d.  Negotiation of contracts with insurance companies to obtain high reimbursement rates for providers.

13.     As Ellie opened more franchise locations, it was unable to scale and/or provide adequate shared services, as promised.

14.     Beginning in August 2024, Ellie started outsourcing certain shared services, which it had promised to provide itself, to a third party, Omega Healthcare (Omega), which offered "automation" capabilities.

15.     The shared services outsourced to Omega included insurance credentialing/provider-enrollment, billing and insurance claim processing, and revenue cycle management (RCM) functions.

16.     Upon information and belief, this decision was made to reduce Ellie's costs related to these services and to eliminate overhead of employing an internal RCM team.

17.     In November 2024, Ellie completed transition of these outsourced functions to Omega.

18.     Following this transition, Ellie eliminated members of its internal RCM team who had provided support to franchisees relating to insurance and billing issues, including resolving clinic and patient problems regarding the same.

3

Electronically Filed - City of St. Louis - May 05, 2026 - 01:14 PM

19.     Following this transition, Omega failed to provide adequate outsourced services, and Plaintiff and numerous other franchisees experienced frequent problems with the billing and other RCM functions that had been outsourced to Omega, including:

   a.   Low collection rates from insurers/payers;

   b.   Insurance denials due to untimely submission of claims;

   c.   Inability to communicate with RCM personnel directly to resolve insurance and billing problems; and

   d.   Weeks-long waits for responses after submitting support tickets regarding insurance and billing problems.

20.     Omega's support team was unreachable by phone, so the only way to attempt to resolve problems was by submitting written service tickets, which often went unaddressed for days or weeks before receiving a response from foreign support centers that did not address the concern, sought additional information, and/or required follow up, which further delayed resolution.

21.     Moreover, Ellie's handling of insurance credentialing resulted in such errors and delays that Plaintiff opted to hire a third party to perform those services, at Plaintiff's expense.

22.     As a result of the inadequate shared services provided by Ellie and its vendor, Omega, Plaintiff lost new and existing patients who chose to seek therapy services elsewhere after experiencing repeated scheduling, billing, and insurance problems.

23.     Plaintiff also lost top-line revenue and experienced turnover of clinicians who grew frustrated with loss of patients and the company's inability to reliably handle scheduling, billing, and insurance claims processing, all while paying the full franchise fee.

24.     During this timeframe, Plaintiff and numerous other franchisees notified Ellie that they intended to rescind and/or terminate their franchise agreement(s) and operate independently.

4

Electronically Filed - City of St. Louis - May 05, 2026 - 01:14 PM

25.    On January 29, 2025, Ellie's Executive Leadership Team announced that Michael DiMarco would be taking over as CEO of Ellie.

26.    Upon information and belief, DiMarco participated in, influenced, and ratified Ellie's initial decision to outsource the billing and RCM-related services to Omega.

27.    On January 29, 2025, Ellie's founder, Erin Pash, announced DiMarco's succession as CEO, stating, "The management team and I have worked closely with Michael on a variety of strategic and operational initiatives over the past year…"[1]

28.    In February 2025, DiMarco held a phone conference with Plaintiff's owner, managing member, and primary shareholder, Joseph Schlichter (resident of the City of St. Louis), to discuss Ellie's failure to comply with its shared services obligations and the resulting harm to Plaintiff's business.

29.    During his February 2025 phone call with Schlichter, DiMarco also acknowledged his prior involvement in shaping Ellie's failed shared services model, stating, "[i]t's what I spent the last year doing…"

30.    Although Ellie was already aware of ongoing problems with its shared services, Schlichter reiterated these ongoing problems during the February 2025 phone call with DiMarco, including that these problems had precluded profitability and threatened to bankrupt Plaintiff's business within the next two months, despite Plaintiff's St. Louis clinic performing in the top twenty percent of all Ellie clinics in the franchise system.

---

[1]  Source: https://www.prnewswire.com/news-releases/ellie-mental-health-announces-ceo-succession-plan-founder-erin-pash-becomes-chairwoman-of-the-board-302363005.html (last accessed April 23, 2026).

Electronically Filed - City of St. Louis - May 05, 2026 - 01:14 PM

31. DiMarco refused to consider waiver of Ellie's non-compete requirement or modification of its franchise fees, despite acknowledging that Ellie was not delivering adequate shared services that it was obligated to provide itself under the franchise agreement.

32. During the February 2025 phone call, DiMarco also made representations to Schlichter that Ellie franchise locations could still reach profitability despite the problems with Ellie's shared services model.

33. DiMarco also made representations that he was taking action to fix Ellie's failed shared services model. He explicitly stated:

    a. "Our intent is to make it great and make it a great patient experience…"

    b. "[S]hared services failed on support. We're trying to make it better, doing a lot of things…"

    c. "I know it's been a mess, credentialing has been a mess, scheduling has been a mess, all of those things. We've got work streams in process to try to fix those…"

    d. "You know, my hope is that we're going to nail this billing and get it down. We're going to nail down the scheduling. We're going to an online scheduling tool in April. It's going to be more accurate. We're going to get more appointments for everybody. We're going to drive more volume, you know, all those types of things…"

34. Relying on DiMarco's assurances, over the next four months, Plaintiff continued to operate its franchise location and pay full franchise fees, relying on DiMarco's assurances that he was actively implementing solutions to fix its broken shared services model.

35. Despite his representations, through June 30, 2025, after more than four months of Plaintiff's detrimental reliance on DiMarco's false representations, he had enacted no meaningful changes to or improvements in the shared services.

Electronically Filed - City of St. Louis - May 05, 2026 - 01:14 PM

36.     Among other things, Ellie did not release an online scheduling tool in April, as promised, and continued to outsource shared services to Omega, which continued to underperform and provide inadequate support to Plaintiff and other franchisees.

37.     As a result, Plaintiff continued to lose new and existing patients; continued to experience turnover of clinicians; continued to lose revenue; and continued to pay full franchise fees despite DiMarco's failure to provide or improve the shared services.

38.     As a result, on June 30, 2025, Plaintiff rescinded and/or terminated the franchise agreement with Ellie and began operating as an independent therapy clinic.

### DiMarco's Conflict of Interest

39.     DiMarco concealed from Schlichter a critical fact representing a conflict of interest—that he was being paid by Omega while CEO of Ellie and during his conversations with Schlichter concerning Ellie's failed shared services model.

40.     Although never disclosed to Schlichter, DiMarco had and continues to have and concealed personal, professional, and financial ties to Omega.

41.     DiMarco was formerly President and served on the Board of Directors of Himagine Solutions Inc., which was sold to Omega in 2021.

42.     Thereafter, DiMarco was made Omega's Chief Revenue Officer, and then was elevated to President, before transitioning to an executive advisor role around January 2024.

43.     Further, Ellie's web page states that DiMarco continues to serve "as an executive advisor to Omega…" at present.[2]

44.     Thus, during the relevant period, DiMarco maintained simultaneous relationships with both Ellie and Omega, including a compensated advisory role with Omega.

---

[2] Source: https://elliementalhealth.com/team-members/michael-dimarco/ (last accessed April 23, 2026).

7

Electronically Filed - City of St. Louis - May 05, 2026 - 01:14 PM

45.    Upon information and belief, despite the substantial problems with services rendered by Omega, DiMarco, having been intimately involved himself in Ellie's outsourcing to Omega, did not intend to replace Omega or seriously explore alternative solutions to Ellie's failed shared services model.

46.    Upon information and belief, DiMarco was aware when he became CEO that the decision to outsource billing and RCM-related services to Omega was done to cut overhead and bridge a shortfall between Ellie's shared service expenses and franchise fee revenue.

47.    Upon information and belief, DiMarco was also aware when he became CEO that Ellie's capital constraints, and financial instability, made it impossible for Ellie to truly implement an adequate shared services solution, as promised, at the scale required to service its franchise network including Plaintiff, yet deliberately and fraudulently concealed this fact from Plaintiff and other franchisees.

48.    Upon information and belief, DiMarco concealed this information from franchisees, including Plaintiff, and instead made false and misleading claims that Ellie was actively implementing solutions that would address its broken shared services model.

49.    Had DiMarco been truthful about the plan to continue utilizing Omega without meaningful change, and the financial inability of Ellie to overhaul its shared services model, Schlichter and/or Plaintiff would have left Ellie and operated independently in February 2025, and would have avoided substantial additional losses.

### COUNT I – FRAUDULENT MISREPRESENTATION

50.    Plaintiff realleges and incorporates herein each and every allegation contained in paragraphs 1–49 of their Petition.

Electronically Filed - City of St. Louis - May 05, 2026 - 01:14 PM

51.   During the February 2025 phone call, DiMarco represented to Schlichter that he was taking action to fix Ellie's failed shared services model; that he would cause Ellie to release an online scheduling tool in April 2025; and that he would fix issues with billing, scheduling, and volume of appointments.

52.   The representations concerning purported actions being taken to improve shared services were false, in that, (1) DiMarco and/or Ellie lacked the financial resources to substantially improve Ellie's shared services model at scale (e.g., by bringing RCM/billing functions back in-house, as originally promised, or outsourcing those functions to different or additional vendor(s) who could ensure adequate service and prompt support) and (2) DiMarco never intended to replace Omega, given his undisclosed personal, professional, and financial ties to Omega, including being on the payroll of Omega, despite the fact that it was rendering inadequate service to franchisees.

53.   DiMarco actively concealed and failed to disclose his personal financial interest, and resulting conflict of interest, as a paid advisor to Omega.

54.   DiMarco intentionally made the representations for Ellie's and Omega's benefit and to keep Plaintiff from rescinding and/or terminating the franchise agreement.

55.   DiMarco knew that the foregoing representations were false.

56.   DiMarco knew at the time that he made the foregoing representations that he was unable to and/or did not intend to substantially improve shared services at scale.

57.   Plaintiff did not know that DiMarco's representations were false.

58.   Plaintiff justifiably relied on DiMarco's representations and, therefore, continued to operate under the franchise agreement and pay franchise fees to Ellie until June 30, 2025, incurring substantial additional losses.

59.   Plaintiff had a right to rely on DiMarco's representations.

Electronically Filed - City of St. Louis - May 05, 2026 - 01:14 PM

60.    Due to their justified reliance on the representations, Plaintiff suffered a pecuniary loss in an amount exceeding Twenty-Five Thousand Dollars and No Cents ($25,000.00).

WHEREFORE, Plaintiff pray that the Court enter judgment in Plaintiff's favor; award Plaintiff its damages in an amount exceeding $25,000.00, including punitive damages, pre- and post-judgment interest at the rate of nine percent (9%) per annum; court costs; and grant such other and further relief as the Court deems just and proper.

## COUNT II – NEGLIGENT MISREPRESENTATION

61.    Plaintiff realleges and incorporates herein each and every allegation contained in paragraphs 1–60 of their Petition.

62.    During the February 2025 phone call, DiMarco represented to Schlichter that he was taking action fix Ellie's failed shared services model; that he would cause Ellie to release an online scheduling tool in April 2025; and that he was going to fix issues with billing, scheduling, and volume of appointments.

63.    The representations concerning purported actions being taken to improve shared services were false, in that (1) DiMarco and/or Ellie lacked the financial resources to substantially improve Ellie's shared services model at scale (e.g., by bringing RCM/billing functions back in-house, as originally promised, or outsourcing those functions to different or additional vendor(s) who could ensure adequate service and prompt support) and (2) DiMarco never intended to replace Omega, given his undisclosed personal, professional, and financial ties to Omega, including being on the payroll of Omega, despite the fact that it was rendering inadequate service to franchisees.

64.    DiMarco failed to exercise reasonable care in making the foregoing false representations to Plaintiff.

10

Electronically Filed - City of St. Louis - May 05, 2026 - 01:14 PM

65. DiMarco intentionally made the representations for Ellie's and Omega's benefit and to keep Plaintiff from rescinding and/or terminating the franchise agreement.

66. Plaintiff justifiably relied on DiMarco's representations and, therefore, continued to operate under the franchise agreement and pay franchise fees to Ellie until June 30, 2025, incurring substantial additional losses.

67. Due to their justified reliance on the representations, Plaintiff suffered a pecuniary loss in an amount exceeding Twenty-Five Thousand Dollars and No Cents ($25,000.00).

WHEREFORE, Plaintiff prays that the Court enter judgment in Plaintiff's favor; award Plaintiff its damages in an amount exceeding $25,000.00, including pre- and post-judgment interest at the rate of nine percent (9%) per annum; court costs; and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

**SCHLICHTER BOGARD LLC**

/s/ Jonathan S. Jones
Charles W. Armbruster III, # 40027
Jonathan S. Jones, #71024
100 South Fourth Street, Suite 1200
St. Louis, Missouri 63102
(314) 621-6115
(314) 621-7151 (fax)
carmbruster@uselaws.com
jjones@uselaws.com

*Attorneys for Plaintiff*
*Soulard Place d/b/a*
*Ember Mental Wellness*

11

Electronically Filed - City of St. Louis - May 05, 2026 - 01:14 PM

**2022-CC01153**

# In the
# CIRCUIT COURT
## City of St. Louis, Missouri

SOULARD PLACE LLC dba EMBER MENTAL WEL
_____
Plaintiff/Petitioner


vs.

Michael DiMarco
_____
Defendant/Respondent

May 5, 2026
_____
Date

_____
Case number

_____
Division

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now ____SOULARD PLACE LLC dba EMBER MENTAL WELLNESS_____, pursuant

Requesting Party

to Local Rule 14, requests the appointment by the Circuit Clerk of

Larry McDowell, McDowell & Associates, LTD     12213 Big Bend Rd, St.Louis, MO 6312:  3146219300
_____
Name of Process Server                              Address                                 Telephone

Clay Willis, McDowell & Associates, LTD          12213 Big Bend Rd, St.Louis, MO 6312:  3146219300
_____
Name of Process Server                              Address                                 Telephone

_____
Name of Process Server                              Address                                 Telephone

to serve the summons and petition in this cause on the below named parties.

SERVE:

Michael DiMarco
_____
Name
2436 Oak Springs Lane
_____
Address
Saint Louis, MO 63131
_____
City/State/Zip

SERVE:

_____
Name
_____
Address
_____
City/State/Zip

SERVE:

_____
Name
_____
Address
_____
City/State/Zip

SERVE:

_____
Name
_____
Address
_____
City/State/Zip

Appointed as requested:
**TOM KLOEPPINGER,** Circuit Clerk


By_____
Deputy Clerk

_____
Date

/s/ Jonathan S. Jones
_____
Attorney/Plaintiff/Petitioner
71024
_____
Bar No.
100 S. 4th St, Ste 1200, St. Louis, MO 63102
_____
Address
3146216115
_____
Phone No.

Electronically Filed - City of St. Louis - May 05, 2026 - 01:14 PM

**2622-CC01153**

**In the**

# CIRCUIT COURT
## City of St. Louis, Missouri

SOULARD PLACE LLC dba EMBER MENTAL WEL
_____
Plaintiff/Petitioner

vs.

Michael DiMarco
_____
Defendant/Respondent

May 5, 2026
_____
Date

_____
Case number

_____
Division

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now SOULARD PLACE LLC dba EMBER MENTAL WELLNESS , pursuant
Requesting Party
to Local Rule 14, requests the appointment by the Circuit Clerk of

| Name of Process Server | Address | Telephone |
|---|---|---|
| Larry McDowell, McDowell & Associates, LTD | 12213 Big Bend Rd, St.Louis, MO 6312: | 3146219300 |
| Clay Willis, McDowell & Associates, LTD | 12213 Big Bend Rd, St.Louis, MO 6312: | 3146219300 |
| | | |

to serve the summons and petition in this cause on the below named parties.

SERVE:
Michael DiMarco
_____
Name
2436 Oak Springs Lane
_____
Address
Saint Louis, MO 63131
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

Appointed as requested:
**TOM KLOEPPINGER, Circuit Clerk**

By _____
Deputy Clerk

5-5-26
_____
Date

/s/ Jonathan S. Jones
_____
Attorney/Plaintiff/Petitioner
71024
_____
Bar No.
100 S. 4th St, Ste 1200, St. Louis, MO 63102
_____
Address
3146216115
_____
Phone No.

# Summons in Civil Case

IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>CHRISTOPHER EDWARD MCGRAUGH | Case Number:  2622-CC01153 | |
|---|---|---|
| Plaintiff/Petitioner:<br> SOULARD PLACE LLC DBA EMBER MENTAL WELLNESS<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JONATHAN SAMUEL JONES<br>100 SOUTH FOURTH STREET<br>SUITE 1200<br>ST. LOUIS, MO  63102 | |
| Defendant/Respondent:<br>MICHAEL DIMARCO | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 | (Date File Stamp for Return) |
| Nature of Suit:<br>CC Other Tort | | |

**The State of Missouri to:**   **MICHAEL DIMARCO**
**Alias:**
**2436 OAK SPRINGS LANE**
**ST. LOUIS, MO  63131**

**Other Addresses:**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

*COURT SEAL OF*

*CITY OF ST LOUIS*

| 5/12/2026 | |
|---|---|
| Date | Clerk |

**Further Information:**

SJRC (07-25) SM30 (SMCC) *For Court Use Only:* **Document ID # 26-SMCC-3798**
1 of 2 (2622-CC01153)                                   Civil Procedure Form No. 1, SCR 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

**Case Number: 2622-CC01153**

## Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date)
at _____ (time).

_____          _____
   Printed Name of Officer or Server              Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____ _____
                                          Date                           Notary Public

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - CITY OF ST. LOUIS - May 18, 2026 - 09:40 AM

# AFFIDAVIT OF SERVICE

| Case: 2622-CC01153 | Court: 22nd Judicial Circuit, City of St. Louis, Missouri | County: | Job: 15887943 (260999) |
|---|---|---|---|
| Plaintiff / Petitioner: Soulard Place LLC DBA Ember Mental Wellness | | Defendant / Respondent: Michael Dimarco | |
| Received by: McDowell and Associates | | For: Schlichter Bogard & Denton | |
| To be served upon: Michael Dimarco | | | |

I, Clayton Willis, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**  Michael Dimarco, 2436 Oak Springs Lane, St. Louis, MO 63131

**Manner of Service:**  Personal/Individual, May 14, 2026, 1:47 pm CDT

**Documents:**  Summons, Petition

**Additional Comments:**

1) Successful Attempt: May 14, 2026, 1:47 pm CDT at 2436 Oak Springs Lane, St. Louis, MO 63131 received by Michael Dimarco.

_____   5/15/26
Clayton Willis                         Date

McDowell and Associates
12213 Big Bend Road
Saint Louis, MO 63122
314-621-9300

*Subscribed and sworn to before me by the affiant who is personally known to me.*

_____
Notary Public

5/15/26                              12/15/29
Date                    Commission Expires

ALICIA MISURACA
Notary Public, Notary Seal
State of Missouri
St. Louis County
Commission # 18892057
My Commission Expires 12-15-2029

Case: 4:26-cv-00942-ZMB    Doc. #: 1-1    Filed: 06/12/26    Page: 19 of 20 PageID #: 24

Electronically Filed - CITY OF ST. LOUIS - May 18, 2026 - 09:40 AM



# Summons in Civil Case

## IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>CHRISTOPHER EDWARD<br>MCGRAUGH | Case Number: 2622-CC01153 | |
|---|---|---|
| Plaintiff/Petitioner:<br>SOULARD PLACE LLC DBA EMBER<br>MENTAL WELLNESS<br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JONATHAN SAMUEL JONES<br>100 SOUTH FOURTH STREET<br>SUITE 1200<br>ST. LOUIS, MO  63102 | |
| Defendant/Respondent:<br>MICHAEL DIMARCO | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 | (Date File<br>Stamp for<br>Return) |
| Nature of Suit:<br>CC Other Tort | | |

The State of Missouri to:   **MICHAEL DIMARCO**
**Alias:**
**2436 OAK SPRINGS LANE**
**ST. LOUIS, MO  63131**

**Other Addresses:**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

*COURT SEAL OF*

*CITY OF ST LOUIS*

5/12/2026
Date

Clerk

**Further Information:**

SJRC (07-25) SM30 (SMCC) *For Court Use Only:* **Document ID # 26-SMCC-3798**
1 of 2 (2622-CC01153)
Civil Procedure Form No. 1, SCR 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case Number: 2622-CC01153

## Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

[X] delivering a copy of the summons and petition to the defendant/respondent.

[ ] leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

[ ] (for service on a corporation) delivering a copy of the summons and petition to:

_____ (name) _____ (title).

[ ] other: _____.

Served at _2436 Oak Springs Ln, St Louis MO 63131_ (address)
in _St Louis_ (County/City of St. Louis), MO, on _5/14/26_ (date)
at _1:47 pm_ (time).

_____Clayton Willis_____          _____Clayton Willis_____
Printed Name of Officer or Server          Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on _5/15/26_ (date).

My Commission expires: _12/15/29_          _Alicia Misuraca_
                        Date          Notary Public

ALICIA MISURACA
Notary Public, Notary Seal
State of Missouri
St. Louis County
Commission # 18890057
My Commission Expires 12-15-2029

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

SJRC (07-25) SM30 (SMCC) *For Court Use Only:* Document ID # 26-SMCC-3798
2 of 2 (2622-CC01153)          Civil Procedure Form No. 1, SCR 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Electronically Filed - CITY OF ST. LOUIS - May 18, 2026 - 09:40 AM