UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SOULARD PLACE LLC *d/b/a Ember Mental Wellness*, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:26-CV-942-ZMB |
| | ) | |
| MICHAEL DIMARCO, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

More than three decades ago, Judge Posner observed that, in the "age of second homes and speedy transportation, picking out a single state to be an individual's domicile can be a difficult, even a rather arbitrary, undertaking." *Galva Foundry Co. v. Heiden*, 924 F.2d 729, 730 (7th Cir. 1991). Defendant Michael DiMarco's multi-state lifestyle confirms that not much has changed since then. As such, to limit the chances of an arbitrary determination, the Court grants Plaintiff Soulard Place's request for limited jurisdictional discovery before it assesses its jurisdiction to hear this case.

**BACKGROUND**

In June 2026, DiMarco removed this action from state court based on diversity jurisdiction. Doc. 1 (citing 28 U.S.C. § 1332(a)). There is no dispute that the amount in controversy exceeds $75,000, *id.* ¶ 8, or that Soulard Place is a citizen of Missouri, *id.* ¶ 4. DiMarco also claims he that is a Florida domiciliary, which would establish complete diversity. *Id.* ¶ 5. Although acknowledging his former Missouri citizenship, Doc. 31 ¶ 19, DiMarco explains that he "has lived in Florida since 2021," where he stays at his "primary residence." Doc 1. ¶ 5. He owns other real property in Florida, is registered to vote in Florida, holds a Florida driver's license, and pays Florida taxes. *Id.*; *see also* Doc. 31. Thus, he insists, he is a "Floridian" for diversity purposes. Doc. 30 at 2.

Soulard Place disagrees and moved to remand, asserting that DiMarco remains domiciled in Missouri. Soulard Place cites several representations from DiMarco in which he claims to reside in St. Louis. *See* Docs. 20, 22, 32. And the bulk of those statements occurred after 2021, including business discussions, Doc. 22 ¶ 29; boat registrations, *id.* ¶ 36; political contributions, *id.* ¶ 35; social media posts, *id.* ¶ 37; and various tax documents, *id.* ¶¶ 2, 3, 8, 9, 12. Additionally, DiMarco serves on local boards and commissions and refers to St. Louis as his "community." *See* Docs. 22-21, 22-24. In light of this evidence, Soulard Place argues that DiMarco has failed to establish diversity jurisdiction, Doc. 22 at 12, and, alternatively, asks the Court to allow expedited jurisdictional discovery before ruling on the motion to remand, *id.* at 14.

**LEGAL STANDARD**

A defendant generally may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). As relevant here, district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). "For purposes of federal jurisdiction, 'domicile' and 'citizenship' are synonymous terms." *Wagstaff & Cartmell, LLP v. Lewis*, 40 F.4th 830, 839 (8th Cir. 2022).

After removal, a party may seek remand on jurisdictional grounds, and relief must be granted if it appears the court lacks subject-matter jurisdiction. 28 U.S.C. § 1447(c). The removing party "bears the burden of establishing federal jurisdiction by a preponderance of the evidence." *Keller v. Am. Bottling Co.*, No. 4:19-CV-2895-JAR, 2020 WL 3412236, at *1 (E.D. Mo. June 22, 2020) (citations omitted). "[A] district court considering a motion for remand may consider the pleadings, supporting affidavits, and the motion for remand and supporting affidavits." *Ridings v. Maurice*, 2015 WL 1474080, at *3 (W.D. Mo. Mar. 31, 2015) (quotation omitted).

That said, discovery may be "necessary because jurisdictional requirements rest on facts that can be disputed, for instance, the domicile of the parties." *Pudlowski v. The St. Louis Rams*, 829 F.3d 963, 964 (8th Cir. 2016). "Whether to grant jurisdictional discovery is a decision committed to the sound discretion of the district court, and the denial of a jurisdictional discovery request is reviewed for abuse of discretion." *Ralston v. Lesser*, No. 4:25-CV-1325-SEP, 2026 WL 2936281, at *2 (E.D. Mo. Sept. 30, 2026) (citation omitted). The request cannot be based on mere "speculation or conclusory assertions"; rather, "the plaintiff must have at least a good faith belief that discovery will enable it to show that the court [lacks] jurisdiction." *Viasystems v. EBM-Papst St. Georgen GmbH & Co.*, 656 F.3d 589, 598 (8th Cir. 2011) (citation omitted).

## DISCUSSION

The only contested issue regarding jurisdiction is DiMarco's citizenship. DiMarco argues that his house, license, taxes, voter registration, and real property establish his Florida domicile. Doc. 1 ¶ 5. But Soulard Place's competing evidence warrants jurisdictional discovery. Docs. 20, 22.

"To establish domicile, an individual must both be physically present in the state and have the intent to make his home there indefinitely." *Eckerberg v. Inter-State Studio & Publ'g Co.*, 860 F.3d 1079, 1085 (8th Cir. 2017). To evaluate intent, courts consider objective factors, including "declarations, exercise of civil and political rights, payment of taxes, obtaining of licenses, location of business or occupation, and ownership of property." *Wagstaff*, 40 F.4th at 839–40. "A litigant's self-serving statements of intention are entitled to little weight when in conflict with facts." *Id.* (citation omitted). Additionally, "domicile persists until a new one is acquired; it is presumed to continue until it is shown to have changed." *Holmes v. Sopuch*, 639 F.2d 431, 434 (8th Cir. 1981)). "Transitory absence from the state does not diminish the person's domicile in that state, unless it becomes his intention to indefinitely reside at that new location." *Joyce v. Armstrong Teasdale*, No. 4:08-CV-1390-CEJ, 2010 WL 3613942, at *1 (E.D. Mo. Sept. 7, 2010) (citation omitted).

At first glance, it appears DiMarco changed his domicile to Florida. His house, license, and voter registration all point to Florida—significant indicia of an intent to remain indefinitely. *See Mayo v. Dino*, No. 4:25-CV-1014-JSD, 2025 WL 2676105, at *2 (E.D. Mo. Sept. 18, 2025) (concluding that defendant changed his domicile based on these factors). But these factors, alone, are not dispositive. *See Galva*, 924 F.2d at 730. For instance, DiMarco exercises his "civil and political rights" in Missouri, which includes service on Town and Country's Police, Fire & EMS Commission. Significantly, the Commission's Handbook indicates that it is composed of "citizen members," Doc. 22 ¶ 15, and DiMarco's application further affirms that he had been a "resident of Town and Country . . . since 2021." Doc. 22-1 at 2. While "resident" is not synonymous with "domicile," *Eckerberg*, 860 F.3d at 1084, this representation is at least in tension with DiMarco's assertion that he "has lived in Florida *since 2021*," Doc. 1 ¶ 5 (emphasis added). Further, as Soulard Place notes, DiMarco continues to claim Missouri as his primary address for various personal and professional purposes. *See* Doc. 32 at 3–4. Additionally, he has donated to political organizations using his St. Louis address, and he serves on a hospital board in Missouri. Doc. 22 ¶ 28.

While the record is mixed, it bears noting that Soulard Place has compiled this evidence solely from public records. Particularly given the asymmetrical nature of the information regarding DiMarco's subjective intent, the Court finds some discovery necessary to determine whether he has satisfied his burden of establishing jurisdiction. *See Steinbuch v. Cutler*, 518 F.3d 580, 589 (8th Cir. 2008). In other words, Soulard Place has established a "good faith belief" that discovery will aid the Court in making this assessment. *Ralston*, 2026 WL 2936281, at *2.

While it should go without saying, the Court cautions that such discovery is limited in both scope and time. Soulard Place may seek discovery only for the purpose of determining DiMarco's domicile. To that end, the Court limits Soulard Place to: (1) two depositions; (2) three

interrogatories; (3) three requests for documents; and (4) five requests for admissions—all of which must be narrowly tailored to issues related to domicile. The Court also warns the parties that any discovery disputes will not be well taken. All such discovery must be completed **no later than December 23, 2026**, with both parties permitted to submit a supplemental brief of no more than five pages **no later than January 6, 2027**. In addition to any factual supplements, the brief should address the burden of proof for establishing a change in domicile but otherwise should not repeat the briefing already provided. *See G.T. v. Liberty Mut. Fire Ins.*, No. 4:25-CV-128-HEA, 2025 WL 1797446, at *5 (E.D. Mo. June 26, 2025) ("It is unclear . . . whether the Eighth Circuit has adopted a clear and convincing standard of proof for determining changes in domicile in general"); *see also Maple Island Farm v. Bitterling*, 196 F.2d 55, 59 (8th Cir. 1952) (citing 28 C.J.S. DOMICILE, § 18 (stating more evidence is required to show a change of domicile).

## CONCLUSION

Accordingly, the Court **GRANTS** Plaintiff Soulard Place's [20] request for expedited discovery and **HOLDS IN ABEYANCE** the remainder of its Motion to Remand. The parties must complete limited jurisdictional discovery no later than December 23, 2026, and submit any supplemental briefing no later than January 6, 2027.

So ordered this 23rd day of November 2026.

ZACHARY M. BLUESTONE
UNITED STATES DISTRICT JUDGE